Colcock, J.
Prior to the inquest taken in this case, by John H. Mitchell, and Gabriel M. JBoune-theau, Justices of the Peace, a plea to their jurisdiction was tendered, argued, and by them overruled. The said justices then proceeded to take the inquest, and it was against the defendant. A traverse was made to this inquest, and the proceedings of the said justices, together with the inquest, was carried *326 Up £0 the Court of Sessions by a writ of Certiorari, r . / . and the plea to the jurisdiction of justices of the peace was submitted, without argument, to his hon-our Judge JYott, in May Tern last, who overruled said plea, and the motion to. quash the proceedings. From this decision the said defendant appeals to this Court, and submits that justices of the peace are by certain late acts of the General Assembly of this State, altogether precluded from convening and sitting a sa court, and taking cognizance of, trying, pronouncing judgment, and awarding execution, against any free white person, in any species of tort, or tort feasance, or in any other actions than such as are founded in contracts.
In this case, I am of opinion, that the decision of the court below should be supported; that the plea to the jurisdiction of the magistrates, and the mo. jion to quash the proceedings before them be overruled, and the present motion be rejected. The Act of Assembly of 1791, and 1799, relate only to cases of a civil nature, and where damages are to be assessed; and have no application to the powers exercised by the justices under the several British Statutes, made of force in cases of forcible entry, which have been acted upon for years in this country : Powers which, in my judgment, are highly conducive to the peace and good order of the community.
Brevard, J.
This is a motion to reverse the *327 decision of the Court of General Sessions for Charles-toa District. The question before the District Court arose upon an inquisition taken for a forcible entry and detainer, by two justices of peace, and , , . , , . removed by certiorari. 1 he question submitted is, whether justices of peace have authority to enquire concerning forcible entries and detainers.
The objection to their jurisdiction in this respect, in the argument of this motion, was founded on an Act of Assembly of Febuary, 1791, which declares, u That no action of trespass, trover, detinue, slan-(i der, or assault and battery or other action, arising i( merely from tort, shall be cognizable by a justices H of peace in this state.” This objection, in my opinion, is invalid, because the act of 1791, relates to civil suits only, and has no aplication to criminal proceedings.
It was not objected in argument, that the statutes which are in force on this subject, do not authorise justices of peace in this state to take inquisitions or indictments of forcible entry and detainer; but, as this question seems to be involved, I will briefly state my opinion thereon, and the reasons in support of it. My opinion is, that justices of peace have the power which the same magistrates have in England, in relation to this matter, and in virtue of the same statutes, which are all, either expressly or virtually, made of force here. An act of 1731. Pub. Laws. 127. provides for the summoning and obtaining juries of inquest on forcible entries and detainers, *328 an¿ other special inquests. This act appears to bé in confirmation of the statute, 8 Hen. 6 c. 9. which is not made of force expressly by the act of Assembly of 1712. But that act (Pub. Laws, 98.) declares, that all the statutes referred to by the statutes made of force, and which statutes made of force, are explanatory or confirmatory of those referred to, &e. shall be considered as virtually made of force. The statute 21. James, c. 15. is expressly made of force. (Pub. Ls. p. 75.) It mas made to remove a doubt in the construction of the statutes 8 Hen. 6. c. 9. and 31st Eliz. c. 11. (see 1st Hawk. P. C. c. 64. sect. 16.) This statute must be considered as explanatory and confirmatory of those last mentioned. The statute 15th Richd. 2nd c. 2. is also made of force expressly. (Pub. Laws, 37.) This statute cannot be fully understood without referring to a former statute; 5 Richd. 2nd stat. 1. c. 8. which defines the offences of forcible entry and forcible detainer : for, at common law, a man might lawfully regain possession of lands of which he had been disseised ( by force. 1st Hawkin’s Pleas, C. c. 64. sect. 1. The statute 5th Richd. 2nd, may, therefore, well becon-sidered^s virtually of force, although not expressly made so'by act of Assembly.
Justices Smith and Bay concurred.